IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Branch Banking & Trust Co., | ) |
|     Plaintiff, | ) Case No. 14 C 50027 |
| vs. | ) |
| Joseph D. Olsen, | ) Judge Philip G. Reinhard |
|     Defendant. | ) |

## ORDER

For the reasons stated below, the orders of the bankruptcy court are affirmed.

## STATEMENT-OPINION

Appellant, Branch Banking & Trust Co. appeals from three bankruptcy court orders: 1) the order denying appellant's motion for summary judgment; 2) the order granting the motion for summary judgment of appellee, Joseph D. Olsen, the trustee of debtor Jeannine Heaver's Chapter 7 bankruptcy estate; and 3) the order denying appellant's motion to alter or amend these two orders of the bankruptcy court. The result of these bankruptcy court orders was the avoidance of appellant's mortgage lien on debtor's real property pursuant to the "strong arm" powers of 11 U.S.C. § 544(a). Appellant's mortgage from debtor securing debtor's obligation to appellant was recorded seven days before the deed conveying the property to debtor was recorded. The bankruptcy court found this placed the mortgage outside the chain of title and, therefore, 11 U.S.C. § 544(a)(3) made it avoidable by the trustee because a hypothetical bona fide purchaser of the real estate as of the commencement of the bankruptcy case would have taken title free and clear of appellant's mortgage interest.

The facts are not in dispute. Debtor obtained an interest in certain real estate via a warranty deed dated September 30, 2008. Debtor executed a promissory note and mortgage on the property in favor of First Centennial Mortgage Corp. on the same date. The mortgage was recorded in the McHenry County, Illinois Recorder's office on October 24, 2008 but the warranty deed was not recorded until seven days later, October 31, 2008. Appellant took an assignment of the promissory note sometime after these events and prior to debtor filing bankruptcy on July 27, 2009.

Section 544(a)(3) of the bankruptcy code provides the "trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any

1

creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by– a bona fide purchaser of real property, . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3). The trustee argued, and the bankruptcy court found, that because appellant's mortgage from debtor was recorded before the recording of the deed that put debtor in title, the mortgage was outside the chain of title and, therefore, under Illinois law, a bona fide purchaser of the property from debtor would take free of the mortgage. The trustee, therefore, was entitled to avoid the mortgage under Section 544(a)(3).

Appellant's position is that the recorded deed, dated September 30, 2008, with its recitation by the notary that the sellers appeared before the notary on September 30, 2008 and "acknowledged that they signed, sealed, and delivered" the deed, would put any purchaser from the debtor on "inquiry notice" that such purchaser would need to examine the grantor-grantee index for mortgages from the debtor back to that date rather than merely from October 31, 2008, the date of the deed's recording.

The bankruptcy court's opinions thoroughly analyzed appellant's arguments, and authorities offered in support of these arguments, and there is no point in the court rehashing all of that analysis here. Suffice it to say that Skidmore, Owings & Merrill v. Pathway Financial, 527 N.E.2d 1033 (Ill. App. 1988) accurately sets forth the controlling Illinois law on this matter. In Skidmore, a mortgage from Talbot to Skidmore was recorded by Skidmore on December 23, 1983, prior to the recording of the deed which put Talbot in title. Thereafter, the deed was recorded on December 27, 1983 and immediately thereafter a mortgage from Talbot in favor of Pathway. When both Skidmore and Pathway foreclosed, Pathway's mortgage was held to have priority over Skidmore's, even though Skidmore's had been recorded first, because "when Skidmore recorded its [mortgage], the record owners of the premises in the grantor-grantee index were the Comans - not Talbot." Id., at 1035. Pathway, therefore did not have constructive notice of Skidmore's lien since an examination of the grantor-grantee index at the time the Pathway mortgage was filed would show no encumbrance created between the time Talbot became the record owner and the time Pathway's mortgage was recorded. Skidmore's mortgage was outside the chain of title having been recorded at the time the Coman's were in title.

Appellant argues Skidmore is not on point, primarily because Skidmore did not involve a purchaser (the trustee's hypothetical status under section 544(a)(3)) purchasing after the recording of the deed. Appellant contends such a purchaser was required to examine the deed, see that it was dated September 30, 2008 (and that the notary recited that the seller's said on that date that they had delivered it) and thereby conclude he must look back to September 30, 2008 to examine the chain of title. However, the Illinois Conveyance Act 765 ILCS 5/30 provides that all deeds "shall take effect and be in full force and effect from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice." Thus, the deed was not effective as to subsequent purchasers until its recording on October 31,

2

2008. "The record of a mortgage given prior to the time of the acquisition of record title by the mortgagor is not in the chain of title and is not constructive notice to third persons." Landis v. Miles Homes Incorporated of Illinois, 273 N.E.2d 153, 155 (Ill. App. 1971). Illinois imposes no duty on a purchaser to search for encumbrances before the deed to his vendor took effect as to such purchaser and such deed takes effect as to such purchaser only on recording and not before. 765 ILCS 5/30.

For the foregoing reasons, the orders of the bankruptcy court are affirmed.

Date: 5/22/2014 ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)